ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 02 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Steven Bivens, on behalf of himself and all persons similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) Select Portfolio Servicing, Inc., ) ) Defendant. ) ) | CIVIL ACTION FILE<br><br>NO. **1:17-CV-0760** |

## CLASS ACTION COMPLAINT

Plaintiff Steven Bivens, by and through his attorney of record, files this Complaint on behalf of himself and all persons similarly situated within the United States and hereby alleges as follows:

### PARTIES

1.

Plaintiff Steven Bivens ("Mr. Bivens") is a resident of the State of Georgia. He currently resides at 651 Simmons Mine Circle, Sugar Hill, Georgia 30518.

2.

Defendant Select Portfolio Servicing, Inc. ("SPS") is a Utah corporation

authorized to do business in the State of Georgia and is currently in good standing. SPS may be served through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

## JURISDICTION AND VENUE

3.

Jurisdiction and venue are proper over the parties as pled in this Complaint. This Court has federal question jurisdiction over Plaintiffs' RESPA claim. Venue is proper in this district as Mr. Bivens resides in this district, the violation occurred here and SPS does business here.

## FACTUAL ALLEGATIONS

4.

Mr. Bivens is the maker of promissory notes and the grantor of security deeds dated August 2, 2006, for both a first and a second loan on his home at 651 Simmons Mine Circle, Sugar Hill, Georgia 305168. The lender for each of these loans was Mortgage Lenders Network, USA, Inc. ("MLN"). These loans are both federally related mortgage loans.

5.

Defendant SPS is a servicer of federally related mortgage loans and has represented itself to Mr. Bivens as the current servicer of the first loan on Mr.

Bivens' home.

6.

Mr. Bivens faxed a Qualified Written Request (QWR) to SPS on June 30, 2016, to the designated fax number, 801-270-7856, that asked for information related to the servicing of his account. See Exhibit A.

7.

SPS's response to this request for information did not provide any of the requested information – instead it stated: "Due to the current litigation, SPS believes that it would be more appropriate to refrain from providing a detailed response to you at this time … and consider this matter closed." See Exhibit B. This is a violation of 12 U.S.C. § 2605.

8.

Mr. Bivens faxed another request for this same information to SPS at the same number on August 3, 2017, from Office Depot. See Exhibit C.

9.

SPS's response to the August 3rd request provided some of the information requested, but failed to provide other requested information, so this response also violated 12 U.S.C. § 2605. See Exhibit D.

10.

Mr. Bivens has suffered actual damages that include: the cost of travel to Office Depot and the cost of faxing the August 3rd QWR from Office Depot.

11.

SPS has also failed to adequately respond to QWRs from Mr. Bivens in violation of 12 U.S.C. § 2605 that were sent on March 26, 2015, Feb. 4, 2016, April 20, 2016 and Oct. 13, 2016.

## CLASS ACTION ALLEGATIONS

12.

Class Plaintiff brings this action both individually and on behalf of all persons whose Qualified Written Requests to SPS were not substantively responded to by SPS where SPS refused to substantively respond to the disputes and requests for information based on "litigation" since March 2, 2014 (the "Class").

13.

The Class of persons described above is so numerous that joinder of all members is impracticable. Important questions of law and fact exist which are common to the entire Class and predominate over any questions that may affect individual Class Members in that Defendant has acted on grounds generally

applicable to the entire Class.

14.

All questions as to the actions attributable to Defendant herein are similarly common. A determination of liability for such conduct will also be applicable to all members of the Class.

15.

The claims of the Class representative, Plaintiff Steven Bivens, are typical of the claims of the Class in that all Plaintiffs are suing for damages under 12 U.S.C. § 2605(e) and (f). The Class violations are all violations of the same federal law and SPS has the same illegal practice nationwide, so common questions of law and fact will predominate over questions affecting only individual members. A determination of a violation will be applicable to all members of the Class. Class certification will also obviate the need for duplicative litigation.

16.

Plaintiff will fairly and adequately represent and protect the interests of the entire Class. Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation. Plaintiff has no interests that are contrary to or in conflict with those of the Class he seeks to represent.

17.

Class actions are specifically provided for by 12 U.S.C. § 2605, and this action is superior to all other available methods for fair and efficient adjudication of this controversy. There is no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

18.

The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications concerning the subject of this action, which adjudications could establish incompatible standards for Defendant under the laws alleged herein. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

19.

Plaintiff intends to send notice to all members of the Class as required by Fed. R. Civ. P. 23. The names and addresses of the Class are available from Defendant's records.

## REQUEST FOR CLASS RELIEF
## VIOLATIONS OF 12 U.S.C. § 2605

20.

Plaintiffs incorporated by reference the allegations from paragraphs 1-19 as if set forth verbatim herein.

21.

The Real Estate Settlement Practices Act ("RESPA"), codified at 12 U.S.C. § 2605(e), governs the duty of loan servicers to respond to borrower inquiries.

22.

Servicers are required to provide substantive responses to QWRs. Defendant has failed to comply with this requirement because it has refused to substantively respond to Plaintiffs' QWRs, as required in 12 U.S.C. § 2605(e), based on an excuse of "litigation."

## **PRAYER FOR RELIEF**

23.

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays:

1. For an award of actual and statutory damages,

2. For an award of all reasonable attorney's fees and costs incurred by Plaintiffs, and

3. For such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

24.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and

7

the Class demand a trial by jury.

Submitted this 2nd day of March, 2017 .

                BY:   Wayne Charles, P.C.

                */s/ Wayne Charles*

                Wayne Charles
                 Georgia State Bar No. 515244

                WAYNE CHARLES, PC
                395 Highgrove Dr.
                Fayetteville, GA 30215
                (770) 241-8936
                (770) 460-0412 (fax)

                Attorney for named Plaintiff and the Class

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

I hereby certify that I prepared the foregoing in Times New Roman, 14-point font, as approved by Local Rule 5.1.

*Wayne Charles*
Wayne Charles